# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 2, 2022
Lyle W. Cayce
Clerk

No. 20-11054

BRADLEY B. MILLER,

*Plaintiff—Appellant*,

*versus*

VIRGINIA TALLEY DUNN, *individually*; ANDREA PLUMLEE, *in both individual and official capacities*; DANIELLE DIAZ, *in both individual and official capacities*; PATRICIA LINEHAN ROCHELLE, *in both individual and official capacities*; DAVID H. FINDLEY, *in both individual and official capacities*; MARYANN MIHALOPOULOS, *also known as* MARYANN BROUSSEAU, *in both individual and official capacities,*; THE HOCKADAY SCHOOL, *by and through its board of trustees*; MEREDITH LEYENDECKER, *individually*; BETH TAYLOR, *individually*; JOHN SUGHRUE, *individually*; LACIE DARNELL, *in both individual and official capacities*; MICHAEL CHARLES KELLER, *in both individual and official capacities*; THE COUNTY OF DALLAS, TEXAS; THE CITY OF DALLAS, TEXAS,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-759

Before WIENER, GRAVES, and DUNCAN, *Circuit Judges*.

STUART KYLE DUNCAN, *Circuit Judge*:

No. 20-11054

Bradley Miller filed suit in federal court against his ex-wife Virginia Talley Dunn, two state judges, and several others under 42 U.S.C. § 1983. The district court *sua sponte* dismissed the case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, pointing to related state-court proceedings pending on appeal. Although the district court found support in a decades-old decision from our court, *see Hale v. Harney*, 786 F.2d 688 (5th Cir. 1986), that precedent has been unequivocally undermined by Supreme Court precedent clarifying the scope of *Rooker-Feldman*. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *accord Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011). Uncertainty over *Hale*'s continuing viability has sown confusion in our circuit. So, we take this opportunity to clarify that *Hale* is no longer good law and that *Rooker-Feldman* does not apply to the situation where a state case is pending on appeal when the federal suit is filed. In doing so, we bring our circuit into alignment with every other circuit to address the question.

Accordingly, we reverse the district court's judgment and remand for further proceedings consistent with this opinion.

I.

Dunn filed for divorce against Miller in Dallas County state court in February 2013.[1] Bitter divorce and child-custody proceedings led to

---

[1] The facts are taken from Miller's 140-page *pro se* complaint. We accept Miller's allegations as true for purposes of this appeal. *Crane v. Johnson*, 783 F.3d 244, 250–51 (5th Cir. 2015) (citation omitted). Because he is *pro se*, his filings are "to be liberally construed" and his "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). We discuss only those facts necessary to resolve this appeal.

No. 20-11054

temporary restraining and gag orders against Miller. Two additional state-court actions followed.

First, in September 2017, the Dallas County Domestic Relations Office filed an enforcement action against Miller after he fell behind on child support payments. After an October 2018 trial, the state judge found Miller could pay child support despite his claimed indigency and held him in contempt, resulting in a sentence of probation, payment of fees and arrearages, and 179 days in jail for each of four counts. The state appellate court affirmed. Miller unsuccessfully petitioned for rehearing *en banc* in April 2020 and sought review in the Texas Supreme Court in August 2020. *See* Docket, *In re V.I.P.M.*, No. 05-19-00197-CV (Tex. App.—Dallas). Miller claims "the Dallas County court system has become a criminal enterprise."

Second, in March 2018, Dunn sued Miller to modify their child custody arrangement. Miller removed the case to federal district court, which remanded it to state court. In June 2018, Miller again removed the case, this time an hour before a hearing on Dunn's motion for an emergency temporary restraining order. Despite Miller's filing a notice of removal with the state court and personally serving Dunn's attorney, the state court proceeded with the hearing and issued a restraining order that barred Miller from seeing his child. The federal district court later remanded the case. Miller unsuccessfully petitioned the state appellate court for rehearing *en banc* in October 2021 and sought review in the Texas Supreme Court in December 2021. *See* Docket, *Miller v. Dunn*, No. 09-19-00345-CV (Tex. App.—Beaumont). Miller claims the "fraudulent order" was entered without jurisdiction because he had removed the case the federal court.

In March 2020, while his state-court appeals remained pending, Miller filed this *pro se* action in federal court against Dunn, other private individuals, the state judges, his child's school, two police officers, Dallas

No. 20-11054

County, and the City of Dallas under 42 U.S.C. § 1983. He alleged violations of the First, Fourth, Eighth, and Fourteenth Amendments, as well as fraud, conspiracy, neglect, intentional infliction of emotional distress, and malicious prosecution. He sought monetary damages, declarations that Defendants' actions are null and void, and an injunction prohibiting the state judges from issuing future orders that limit his free speech and parental rights.

The magistrate judge *sua sponte* ordered Miller "to show the Court that it has subject matter jurisdiction over this lawsuit and a stay is not appropriate," citing *Younger* abstention and the *Rooker-Feldman* doctrine. In response, Miller claimed, *inter alia*, that the state-court orders were void *ab initio* due to lack of jurisdiction because he had removed the cases to federal court and that Defendants' conspiracy to deprive him of his constitutional rights created a federal cause of action. The magistrate judge subsequently recommended dismissal without prejudice for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Miller "seeks to collaterally attack state court judgments that he contends are illegal." *Miller v. Dunn (Miller I)*, No. 3:20-cv-759-E-BN, 2020 WL 5608474, at *5 (N.D. Tex. Aug. 31, 2020). Miller objected, arguing, *inter alia*, the doctrine does not apply because his state lawsuits remain pending on appeal. The district court adopted the magistrate judge's recommendation of dismissal. *Miller v. Dunn (Miller II)*, No. 3:20-cv-759-E, 2020 WL 5602843, at *1 (N.D. Tex. Sept. 17, 2020).

Miller then moved for reconsideration, again arguing that *Rooker-Feldman* did not apply given the pending state-court appeals. In denying the motion, the district court reasoned that the pending state appeals did not make *Rooker-Feldman* inapplicable, relying on *Hale*, 786 F.2d 688, and *Houston v. Venneta Queen*, 606 F. App'x 725 (5th Cir. 2015) (unpublished). *Miller v. Dunn (Miller III)*, No. 3:20-cv-759-E, 2020 WL 6504663, at *5 (N.D.

4

No. 20-11054

Tex. Nov. 5, 2020). Miller timely appealed. *See* FED. R. APP. P. 4(a)(4)(A)(iv), (B)(i).

## II.

We review a district court's dismissal for lack of subject matter jurisdiction *de novo*. *Wal-Mart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 307 (5th Cir. 2021) (citation omitted).

## III.

Miller argues, *inter alia*, that the district court erred in dismissing his suit under *Rooker-Feldman* because the relevant state-court cases were pending on appeal when he filed this lawsuit. We agree.

The *Rooker-Feldman* doctrine[2] generally precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). This is because Congress gave the Supreme Court exclusive jurisdiction to review such judgments. *Ibid.* (collecting cases); *see* 28 U.S.C. § 1257. As we have explained: "If a state trial court errs[,] the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (referencing *Rooker* and *Feldman*); *see also Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004).

The Supreme Court has repeatedly emphasized that *Rooker-Feldman* is a "narrow" jurisdictional bar. *Lance*, 546 U.S. at 464; *Exxon Mobil*, 544 U.S. at 284. It applies only to "cases brought by state-court losers

---

[2] The doctrine derives its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

No. 20-11054

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284; *see also Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). *See generally* 18B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 4469.1, 4469.2 (3d ed.), Westlaw (database updated Apr. 2022).

Here we consider whether *Rooker-Feldman* applies to the situation where an appeal of the state-court judgment is still pending when the federal suit is commenced. In a 1986 decision, *Hale*, our court said yes. It held that *Rooker-Feldman* barred a lawsuit complaining of a state divorce decree that was then pending on appeal. 786 F.2d at 689–91. We explained that we "h[e]ld no warrant to review even final judgments of state courts, let alone those which may never take final effect because they remain subject to revision in the state appellate system." *Id.* at 691.

Twenty years later, however, the Supreme Court clarified the scope of *Rooker-Feldman*. In *Exxon Mobil*, it ruled that entry of judgment in a first-filed state-court case did not defeat federal jurisdiction of a pending, parallel later-filed federal action. 544 U.S. at 291–94. As the Court explained, *Rooker-Feldman* "is confined to cases of the kind from which the doctrine acquired its name," *id.* at 284, that is, where "the losing party in state court filed suit in federal court *after the state proceedings ended*, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment," *id.* at 291 (emphasis added).[3] The Court admonished lower

---

[3] In *Rooker*, the plaintiffs sought to have a federal court "declare[] null and void" a judgment affirmed by the Indiana Supreme Court. 263 U.S. at 414. And in *Feldman*, the plaintiff challenged the District of Columbia Court of Appeals' refusal to waive a rule

6

No. 20-11054

courts for "constru[ing] [the doctrine] to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts." *Id.* at 283. The following year the Court stressed "the narrowness of the *Rooker–Feldman* rule," explaining that it applies only "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance*, 546 U.S. at 464, 466; *see also Skinner*, 562 U.S. at 531–32.

The Supreme Court's gloss on *Rooker-Feldman* has since generated uncertainty in this circuit as to whether a pending state-court appeal precludes applying the doctrine. Dicta in two published decisions point in opposite directions. In one decision, we stated that *Rooker-Feldman* applies only where "a party suffered an adverse final judgment rendered by a state's court of last resort." *Ill. Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012). But in a later decision, we observed that "[c]ontrary to *Illinois Central*'s explication of the doctrine, *Hale* suggests that a state court judgment need not be issued by a court of last resort for *Rooker–Feldman* to apply." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.5 (5th Cir. 2017). Neither *Illinois Central* nor *Burciaga* squarely addressed whether a pending state-court appeal renders *Rooker-Feldman* inapplicable.

Making matters worse, our court has issued contradictory unpublished decisions on this point. First, in *Rowley v. Wilson*, 200 F. App'x 274, 275 (5th Cir. 2006) (per curiam), a panel relied on *Exxon Mobil* to hold that *Rooker-Feldman* was inapplicable because the relevant state case was on appeal when plaintiffs filed their federal lawsuit, and so "their state proceedings had not ended." Second, in *Houston*, a panel recognized

---

governing admission to the bar that required graduation from an approved law school. 460 U.S. at 466–68.

7

Case: 20-11054   Document: 00516369285   Page: 8   Date Filed: 06/24/2022
Case 3:20-cv-00759-E-BN   Document 21   Filed 06/24/22   Page 8 of 11   PageID 421

No. 20-11054

conflicting authority post-*Exxon Mobil* as to whether all state appeals must have concluded before the federal suit is initiated for *Rooker–Feldman* to apply, while suggesting that *Hale* remains good law under our circuit's rule of orderliness. 606 F. App'x at 731–32. *Houston*, however, declined to "take a definitive position on the continued vitality of *Hale*." *Id.* at 732. Finally, in *Gross v. Dannatt*, 736 F. App'x 493, 495 (5th Cir. 2018) (per curiam), a panel held *Rooker-Feldman* inapplicable under *Illinois Central*'s understanding of *Exxon Mobil* because the plaintiff's state petition for review was pending before the Texas Supreme Court when he filed his federal action. *Gross* expressly declined to apply *Hale* given "the guidance" the Supreme Court offered in *Exxon Mobil* and *Lance*. *Id.* at 494 n.3.[4]

It is high time to end this confusion. We conclude that *Hale* is no longer good law after *Exxon Mobil* and hold that *Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed. Our decision honors our circuit's rule of orderliness. That rule demands that we "abide by a prior Fifth Circuit decision until the decision is overruled,

---

[4] District courts have taken varying approaches amid this uncertainty. *Compare Turbine Powered Tech. LLC v. Crowe*, No. 6:19-cv-00475, 2019 WL 4054093, at *8–10 (W.D. La. Aug. 12, 2019) (declining to apply *Rooker-Feldman* where appeal of preliminary injunction in state case remained pending given the lack of "jurisprudential support to establish that a final judgment has been rendered by the state court as required by the Fifth Circuit"), *and Storyville Dist. New Orleans, LLC v. Canal St. Dev. Corp.*, 785 F. Supp. 2d 579, 589 (E.D. La. 2011) (concluding, based on *Rowley*, 28 U.S.C. § 1257, an "independent review of *Exxon Mobil*[,] and other scholarship and case literature," that "*Exxon Mobil* has so limited the scope of the *Rooker-Feldman* doctrine as to make [*Hale*] inapplicable to cases . . . where the state appellate process is incomplete and pending"), *with Gruppo Formstar LLC v. FM Forrest, Inc. (In re FM Forrest, Inc.)*, 587 B.R. 891, 911–12 (Bankr. S.D. Tex. 2018) (applying *Hale* based on *Houston* and *Burciaga*). *See also Navarro v. Laredo Indep. Sch. Dist.*, No. 5:15-CV-23, 2015 WL 12840585, at *1 (S.D. Tex. Nov. 17, 2015) ("The Fifth Circuit has not definitively decided whether the *Rooker-Feldman* doctrine applies during the pendency of a state-court appeal." (citing *Houston*, 606 F. App'x at 732; and *Storyville Dist.*, 785 F. Supp. 2d at 587–90)), *report & recommendation adopted*, 2015 WL 12839157 (S.D. Tex. Dec. 2, 2015).

No. 20-11054

expressly or implicitly, by either the United States Supreme Court or by the Fifth Circuit sitting en banc." *Gahagan v. USCIS*, 911 F.3d 298, 302 (5th Cir. 2018) (quoting *Cent. Pines Land Co. v. United States*, 274 F.3d 881, 893 (5th Cir. 2001)). Our "precedent is implicitly overruled if a subsequent Supreme Court opinion 'establishes a rule of law inconsistent with' that precedent." *Ibid.* (quoting *Gonzalez v. Thaler*, 623 F.3d 222, 226 (5th Cir. 2010)). That Supreme Court decision "must be unequivocal, not a mere 'hint' of how the Court might rule in the future." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013) (citing *Wells Fargo Bank Nat'l Ass'n v. Tex. Grand Prairie Hotel Realty, L.L.C. (In re Tex. Grand Prairie Hotel Realty, L.L.C.)*, 710 F.3d 324, 331 (5th Cir. 2013)). Those stringent conditions are met here.

The Supreme Court's intervening limitations on *Rooker-Feldman* are unequivocally inconsistent with *Hale*'s applying the doctrine where a state appeal remains pending. While *Exxon Mobil* did not address this precise question, the Court took pains to clarify that the doctrine applies only "after the state proceedings [have] ended," as was the case in *Rooker* and *Feldman*. 544 U.S. at 291; *see Ill. Cent.*, 682 F.3d at 390. As the late Judge Feldman correctly observed in rejecting *Hale* post-*Exxon Mobil*, "[s]tate proceedings have not ended . . . if state appeals are still pending." *Storyville Dist.*, 785 F. Supp. 2d at 589; *id.* at 590 ("It is the unfinished and ongoing posture of the state court appellate process that presents a procedural obstacle to the defendants' invocation of *Rooker–Feldman*." (citing *LAC Real Estate Holdings, L.L.C. v. Biloxi Marsh Lands Corp.*, 320 F. App'x 267, 270 (5th Cir. 2009); and *Rowley*, 200 F. App'x at 275)).

In denying Miller's motion for reconsideration, the district court relied on *Hale* and our unpublished *Houston* decision. *Miller III*, 2020 WL 6504663, at *4–5. *Houston* intimated that "the split in authority following *Exxon* on the question of finality suggests that that case did not 'unequivocally' overrule *Hale*." 606 F. App'x at 732 (citing *Tech. Automation*

9

No. 20-11054

*Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 405 (5th Cir. 2012)). We disagree. There is no real split in authority on the point, save a handful of out-of-circuit district court cases. Since *Exxon Mobil*, "all federal circuits that have addressed the issue have concluded that *Rooker–Feldman* does not apply if, as here, a state-court appeal is pending when the federal suit is filed." *Parker v. Lyons*, 757 F.3d 701, 705–06 (7th Cir. 2014) (collecting cases); *see Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 460 (3d Cir. 2019); *Nicholson v. Shafe*, 558 F.3d 1266, 1279 (11th Cir. 2009); *Guttman v. G.T.S. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006); *Dornheim v. Sholes*, 430 F.3d 919, 923–24 (8th Cir. 2005); *Mothershed v. Justs. of Sup. Ct.*, 410 F.3d 602, 604 n.1, 607 (9th Cir. 2005); *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 25 (1st Cir. 2005); *see also Butcher v. Wendt*, 975 F.3d 236, 246 (2d Cir. 2020) (Menashi, J., concurring) (urging court to settle open question in Second Circuit and "adopt the unanimous position of every other circuit court to address it"). In recognizing *Hale*'s incompatibility with subsequent Supreme Court precedent, we join our sister circuits in their better understanding of *Rooker-Feldman*. *See Gross*, 736 F. App'x at 494–95 & n.3.

As Miller argued in his objections to the magistrate judge's recommendation, the relevant state actions were pending on appeal when he filed the federal suit. The state-court dockets confirm this.[5] *See, e.g.*, *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020)

---

[5] The district court erroneously believed that Miller "has sought—and has been denied—appellate review at the highest levels." *Miller III*, 2020 WL 6504663, at *5. The court quoted Miller's response to the magistrate judge that "his Texas Supreme Court appeal (case no. 16-0487), and his subsequent United States Supreme Court appeal (case no. 16-9012) . . . were denied hearing." *Ibid.* But this is a different case than the two pending on appeal when Miller filed this lawsuit (No. 05-19-00197-CV in the Fifth Court of Appeals and No. 09-19-00345-CV in the Ninth Court of Appeals), and that portion of Miller's response raised a wholly separate argument.

No. 20-11054

(per curiam) (noting courts may take "judicial notice of the state court's orders, final judgment, and docket as matters of public record" (citing *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020))). *Rooker-Feldman* therefore did not deprive the district court of subject matter jurisdiction.[6] We express no view on other potential jurisdictional or abstention issues flagged by the magistrate judge in his initial order.

## IV.

We REVERSE the district court's judgment and REMAND for further proceedings consistent with this opinion.

---

[6] And the district court did not lose jurisdiction after the Texas Supreme Court denied Miller's petitions. *See Exxon Mobil*, 544 U.S. at 292 ("[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court."); *id.* at 294 (noting *Rooker-Feldman* "did not emerge to vanquish jurisdiction after ExxonMobil prevailed in the Delaware courts").