IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY B. MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-759-E-BN |
| | § | |
| VIRGINIA TALLEY DUNN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER REGARDING JURISDICTIONAL SCREENING**

The United States Court of Appeals for the Fifth Circuit has reversed the Court's decision to dismiss this case for lack of jurisdiction under the *Rooker-Feldman* doctrine because Plaintiff Bradley B. Miller's state case was still on appeal when he filed this federal action, expressly abrogating its decision in *Hale v. Harney*, 786 F.2d 688 (5th Cir. 1986). *See Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("It is high time to end this confusion. We conclude that *Hale* is no longer good law after *Exxon Mobil* and hold that *Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed.").

But, in remanding this case to the district court for further proceedings, the Fifth Circuit "express[ed] no view on other potential jurisdictional or abstention issues flagged by the magistrate judge in his initial order." *Id.* at 1013; *see* Dkt. No. 8.

Miller already filed a response to that order, setting out his positions as to those issues. *See* Dkt. No. 9. Consistent with the Court's duty to ensure its own subject matter jurisdiction, *see, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574,

583-84 (1999), the next step in this case will be for the Court to further examine Miller's complaint and his brief to determine whether there is subject matter jurisdiction or, if there is, whether this case should proceed here at this time. An order from the undersigned United States magistrate judge or a recommendation from the undersigned to United States District Judge Ada Brown will be entered as soon as practicable considering the Court's docket.

SO ORDERED.

DATED: June 28, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE