IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY B. MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-759-E-BN |
| | § | |
| VIRGINIA TALLEY DUNN, ET AL., | § | |
| | § | |
| Defendants. | § | |

## SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

In this *pro se* case that United States District Judge Ada Brown has referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference, in which Plaintiff Bradley B. Miller is proceeding *in forma pauperis*, the undersigned, on September 25, 2023, entered findings of fact and conclusions of law recommending that the Court dismiss all claims arising under federal law and relinquish jurisdiction over any remaining state law claims, dismissing those claims without prejudice, to allow Miller to pursue those claims in a state forum if he so chooses [Dkt. No. 25] (the FCR).

On October 2, 2023, prior to the deadline to file objections to the FCR, *see* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), Miller moved for leave to amend his complaint under Federal Rule of Civil Procedure 15(a), explaining in part that, in the FCR,

> the [undersigned] states that "private individuals or institutions" are not liable under Section 1983. The [undersigned], noting the citing of criminal statutes in Miller's Complaint, also states that Miller "has no power to enforce a criminal statute."
> Miller wishes to amend his complaint to 1) clarify that his suit is brought under 42 U.S.C. § 1981, 1983, 1985, and 1986 (and not only

    under 42 U.S.C. § 1983), and 2) to clarify that he is not seeking to enforce criminal statutes, but rather that his Complain[t] arises from torts that are (naturally) the direct consequence of the Defendants' violation of these criminal statutes.
    Miller also wishes to amend the prayer of the Complaint with regard to the requested relief against the two judicial Defendants, i.e. requesting that the Court declare "Defendant's actions null and void for lack of due process or jurisdiction" (with the lack of jurisdiction being added to the existing stipulation).
    Miller also wishes to amend his Complaint to accurately reflect the length of time his rights have been violated (i.e. since three and a half years have passed since he originally filed his suit), to add a few sentences of additional background history, to add citations to two cases, and to make a few other edits for clarity. (No major changes have been made to the body of the Complaint, or to the requested relief.)

Dkt. No. 26, ¶¶ 4-7.

And Miller asserts that leave to amend should be freely given when justice so requires and that he is entitled to amend his complaint as a matter of course under Rule 15(a)(1)(A). *See id.* at ¶¶ 8-10.

Considering Miller's motion and the proposed amended pleading attached thereto [Dkt. No. 26-1], the undersigned enters these supplemental findings of fact, conclusions of law, and recommendation that the Court should deny the motion for the reasons set out in the FCR as supplemented below and dismiss this lawsuit as set out in the FCR.

## Legal Standards

Rule 15(a) does indeed require that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660

F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

The futility analysis "mimics that of a motion to dismiss." *Id.* So "the court must determine whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' such that he has '"state[d] a claim to relief that is plausible on its face."'" *Id.* at 388-89 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

**Analysis**

The undersigned's review of the proposed amended pleading [Dkt. No. 26-1] confirms Miller's assessment that "no major changes have been made to the body of the Complaint, or to the requested relief." Dkt. No. 26, ¶ 7. So the deficiencies set out in the FCR have not been cured by the proposed amendment, except that Miller clarifies "that he is not seeking to enforce criminal statutes." *Id.*, ¶ 5. But, as the FCR further pointed out in that vein, "criminal statutes generally will not create civil liability," "[a]nd none of the federal criminal statutes invoked by Miller have been found to create civil liability." Dkt. No. 25 at 11.

And, insofar as Miller now intends to add causes of action under 42 U.S.C. §§

1981, 1985, and 1986, this amendment is futile under controlling authority from the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit.

Miller alleges that the defendants have violated his constitutional rights: "(A) freedom of speech and assembly; (B) the right to parent his child; (C) due process; (D) fair and competent tribunals; (E) reasonable notice and opportunity to be heard; (F) fair and lawful use in civil prosecution and defense of relevant and material evidence and of applicable statutory, rule, and case law authorities; and (G) liberty and property protections." Dkt. No. 26-1, ¶ 3.

But Miller does not allege unequal treatment based on race or class.

Section 1981 "generally forbids racial discrimination in the making and enforcement of private contracts, including private employment contracts, whether the aggrieved party is black or white." *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1981) (citations omitted). The statute "guarantees to '[a]ll persons within the jurisdiction of the United States ... the same right ... to make and enforce contracts ... as is enjoyed by white citizens.'" *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399 (5th Cir. 2021) (quoting 42 U.S.C. § 1981(a)). And, "[w]hile the statute's text does not expressly discuss causation, it is suggestive," such that, "[t]o prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1015, 1020 (2020); *see also Williams v. Waste Mgmt., Inc.*, 818 F. App'x 315, 325 (5th Cir. 2020) (per curiam) ("Although similar in some

respects to Title VII, 42 U.S.C. § 1981 requires plaintiff's showing but-for causation." (citing *Comcast*, 140 S. Ct. at 1014)).

"Section 1985(1) prohibits conspiracies 'to prevent, by force, intimidation, or threat' a federal officer from discharging his duties or to injure him because of his lawful discharge of his duties," and "Section 1985(2) prohibits conspiracies to deny any citizen equal protection of the laws or to injure a citizen for his efforts to ensure the rights of others to equal protection," *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010) (citations and footnote omitted), while "Section 1985(3) prohibits private conspiracies to deprive persons of equal protection of the laws," *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 978 (5th Cir. 1986) (footnote omitted).

And "Section 1986 penalizes those with knowledge of and the power to prevent § 1985 conspiracies who fail to do so." *Bryant*, 597 F.3d at 687.

While "[a] cause of action under § 1985(1) requires no allegation of racial or class-based discriminatory animus," *id.* at 688 (citing *Kush v. Rutledge*, 460 U.S. 719, 726 (1983)), Miller's allegations do not implicate a federal officer.

And both Sections 1985(2) and 1985(3) require allegations "that the conspirator's action was driven by race or class-based discriminatory animus." *Williams v. City of Irving*, No. 3:15-cv-1701-L, 2018 WL 4145052, at *7 (N.D. Tex. Aug. 30, 2018) (citing *Bryant*, 597 F.3d at 687; *Daigle*, 794 F.2d at 979); *see also Bryant*, 597 F.3d at 687 ("The 'language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or ... class-based, invidiously discriminatory animus behind the conspirator's action.'

*See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (emphasis added) (referring to § 1985(3)). This Circuit has held that the class-based animus requirement of § 1985(3) applies equally to causes of action under the second clause of § 1985(2) such as Bryant's claims here. *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 979 (5th Cir. 1986) (noting the parallel language in §§ 1985(2) and 1985(3) prohibiting certain conduct with an intent to deny '*equal protection* of the laws').").

In addition to failing to allege animus based on race or class, as to Miller's proposed claims under Sections 1985 and 1986, Miller has not alleged a plausible conspiracy for the reasons set out in the FCR. *See* Dkt. No. 25 at 30-31; *see also Gonzalez v. Gill*, No. 21-60634, 2023 WL 3197061, at *4 (5th Cir. May 2, 2023); *cf. id.* at *4 n.6 ("In *Rayborn v. Mississippi State Board of Dental Examiners*, we explained that a 'conspiracy must be race-based to state a cause of action for violation of § 1985,' 776 F.2d 530, 532 (5th Cir. 1985), and we have repeated this assertion in some later cases. *See, e.g.*, *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987); *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019). However, because we conclude that Gonzalez's § 1985 claims fail on the conspiracy element, we need not decide today whether *Rayborn* binds us or whether allegations of a conspiracy based on what Gonzalez calls 'alien immigrants' would state a claim under the second part of § 1985(2) or § 1985(3).").

## Recommendation

The Court should deny Plaintiff Bradley B. Miller's motion for leave to amend [Dkt. No. 26], dismiss Miller's claims arising under federal law with prejudice, and

relinquish jurisdiction over any remaining state law claims, dismissing those claims without prejudice, to allow Miller to pursue those claims in a state forum if he so chooses.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 3, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE